Cordero, Juez Ponente
*1175 TEXTO COMPLETO DE LA SENTENCIA
El apelante, Jorge Juan Nazario Negrón (en adelante Nazario), solicita la revisión de la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 19 de junio de 1996 y notificada el 18 de julio de 1996. En dicha sentencia, el Tribunal de Primera Instancia desestimó la demanda por carecer de jurisdicción. Inconforme, Nazario recurre ante nos alegando, en síntesis, que el tribunal apelado se equivocó al concluir que carecía de jurisdicción para entender en el caso y al desestimar la demanda con perjuicio. A continuación, un breve resumen de los hechos.
I
Nazario prestó sus servicios profesionales por contrato para el Municipio de Yauco (en adelante el Municipio) por aproximadamente siete (7) años. El 30 de junio de 1995 venció su contrato. El 3 de julio de 1995, el alcalde de Yauco decide no renovarle el contrato a Nazario.
Nazario, inconforme, acudió en apelación de su caso ante la Junta de Apelaciones del Sistema de Administración de Personal (JASAP). El 29 de agosto de 1995, dicha agencia dictó resolución determinando que la relación laboral entre Nazario y el Municipio era una de carácter contractual, por lo que JASAP carecía de jurisdicción. De dicha resolución Nazario no solicitó reconsideración a la agencia ni solicitó revisión judicial.
Así las cosas, el 22 de noviembre de 1995, Nazario presentó una demanda en solicitud de Injunction Preliminar y Permanente ante el Tribunal de Primera Instancia, Sala Superior de Ponce, en la cual le atribuía al Municipio y a varios de sus funcionarios el haberle despedido de su empleo sin causa justificada y en violación a lo dispuesto en la Ley de Municipios Autónomos sobre dicha materia.
El 12 de enero de 1996, se celebró la vista de Injunction Preliminar. En la misma, el Tribunal de Primera Instancia resolvió que no procedía dicho remedio y ordenó la continuación de los procedimientos por la vía ordinaria. En dicha ocasión, el Municipio presentó moción de desestimación alegando la defensa de prescripción de la acción en su contra, y en consecuencia, la falta de jurisdicción del tribunal para entrar en los méritos del caso.
Luego de un ponderado análisis de los planteamientos esgrimidos por las partes, el Tribunal de Primera Instancia dictó sentencia sumaria desestimando la demanda contra todos los demandados con perjuicio.
Contra ese dictamen, Nazario interpuso la siguiente apelación, bajo los señalamientos de error previamente presentados y discutidos más adelante.
Considerados los planteamientos de las partes, los documentos sometidos y el derecho aplicable, procede que se confirme la sentencia apelada.
II
Por estar íntimamente relacionados los señalamientos de error, serán discutidos en conjunto.
Nazario arguye que el Tribunal de Primera Instancia erró al determinar que carecía de jurisdicción para entender en el caso. Para llegar a esta determinación, el Tribunal de Primera Instancia se basó en el hecho de que Nazario primeramente había acudido ante JASAP apelando la decisión del Municipio. Al JASAP dictar la Resolución desestimando el recurso por falta de jurisdicción, basándose en que la relación laboral entre Nazario y el Municipio era una de índole contractual, Nazario no solicitó reconsideración ante JASAP ni tampoco acudió en revisión ante el tribunal competente.
La Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico, 21 L.P.R.A. see. 4552, en su artículo 12.002, dispone que JASAP será el organismo apelativo del sistema de administración de personal municipal. Además, dispone que los procedimientos de reglamentación y adjudicación respecto al personal municipal estarán sujetos a la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sees. 2101 et seq.
*1176 Para el año 1995 la Ley de Procedimiento Administrativo Uniforme de Puerto Rico, supra, disponía cuál era el procedimiento a seguir para revisar judicialmente las resoluciones de las agencias. El artículo 6 establecía, en lo pertinente, lo siguiente:

"La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del . término de veinte (20) días, desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. [...] La moción de reconsideración será jurisdiccional para poder solicitar la revisión judicial. ”

Por otro lado, el artículoR disponía sobre los términos para radicar una revisión judicial. A esos efectos, establecía:

"Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal Superior con competencia dentro de un término de treinta (30) días contados a partir de la fecha del archivo.en autos de la copia de la notificación de la orden o~ resolución finai de 'la agencia. La parte notificará.-la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo."

En el caso de autos, Nazario presentó apelación ante JASAP de la decisión del Municipio. Al dicha agencia desestimar el recurso, Nazario decide no solicitar la revisión judicial de esta resolución. Esto trajo como consecuencia que dicha resolución de la agencia se convirtiera en una final y firme en cuanto a la determinación de que Nazario no era un empleado de carrera.
La doctrina de cosa juzgada establece que cuando se ha dictado una sentencia anterior, las partes están impedidas de relitigar en un nuevo pleito entre las mismas partes y sobre la misma causa de acción y cosas, los asuntos resueltos previamente. También se extiende a las cuestiones que pudieron ser litigadas y adjudicadas en la acción anterior. Art. 1204 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3343.
En Pagán v. U.P.R., 107 D.P.R. 720, 734 (1978), el Tribunal Supremo resolvió, citando el caso de U.S. v. Utah, 584 U.S. 394 (1966), que la doctrina podría aplicarse a los procesos administrativos si se satisfacían los siguientes requisitos: (1) la agencia debe actuar en una capacidad judicial, donde resuelva las controversias ante sí; y (2) las partes deben haber tenido una oportunidad adecuada para litigar.
En el presente caso, se dan todos los requisitos anteriormente esbozados. Es por lo anterior, que la doctrina de cosa juzgada aplica al caso de autos en cuanto a la determinación hecha por JASAP. Al aplicar la doctrina de cosa juzgada, las partes están impedidas de relitigar en un nuevo pleito los asuntos resueltos previamente por JASAP, lo que hace imperativo la desestimación del presente caso con perjuicio.
Es importante mencionar que la determinación de JASAP, de que Nazario fue empleado por contrato, impide la adjudicación de las alegaciones de la presente demanda. Esto, porque Nazario alega que se le violaron sus derechos civiles al ser despedido, hecho que resulta ser inaplicable, toda vez que ya fue establecido por la resolución emitida por JASAP, de que no se trataba de un despido sino de una renovación de contrato.
111
Por los fundamentos anteriormente expuestos, procede la confirmación de la sentencia apelada.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
*1177 ESCOLIO 98 DTA 107
1. Utilizamos la Ley de Procedimiento Administrativo Uniforme vigente para el año 1995, año en que dieron lugar los hechos del presente caso. No obstante, reconocemos que dicha ley fue enmendada mediante la Ley Núm. 247 de 25 de diciembre de 1995. Dicha enmienda comenzó a regir el 1 de mayo de 1996.